IN THE SUPREME COURT OF THE STATE OF DELAWARE

DEVON GARNER, §
§
Defendant Below, § No. 492, 2014
Appellant, §
§
v. § Court Below—Superior Court
§ of the State of Delaware,
STATE OF DELAWARE, § in and for New Castle County
§ Cr. ID No. 9811012529
Plaintiff Below, §
Appellee. §

Submitted: September 24, 2014
Decided: October 9, 2014

Before **HOLLAND**, **RIDGELY**, and **VALIHURA,** Justices.

## **O R D E R**

This 9th day of October 2014, upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the record below, it appears to the Court that:

(1)    The appellant, Devon Garner, filed this appeal from the Superior Court's denial of his second motion for postconviction relief.    The State of Delaware has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Garner's opening brief that his appeal is without merit.[1] We agree and affirm.

---

[1] Supr. Ct. R. 25(a).

(2)     The record reflects that, on February 9, 2000, a Superior Court jury found Garner guilty of Attempted Murder in the First Degree, Conspiracy in the First Degree, Conspiracy in the Second Degree, Reckless Endangering in the First Degree, and two counts of Possession of a Firearm During the Commission of a Felony.  Garner was sentenced to Level V incarceration for the balance of his natural life, plus an additional twenty-two years of Level V incarceration.  This Court affirmed the Superior Court's judgment on direct appeal.[2]

(3)     Garner filed his first motion for postconviction relief on August 4, 2004.  The motion included seven ineffective assistance of counsel claims.  The record does not reflect that Garner requested appointment of counsel.  After receiving an affidavit from Garner's trial and appellate counsel, the Superior Court concluded that the ineffective assistance of counsel claims lacked merit.  The Superior Court summarily dismissed Garner's remaining claims as procedurally barred by Superior Court Criminal Rule 61 ("Rule 61").  This Court affirmed the Superior Court's decision.[3]

(4)     On September 19, 2013, Garner filed his second motion for postconviction relief.  In this motion, Garner argued that he was deprived of counsel in his first postconviction proceeding and was therefore entitled to re-

---

[2] *Garner v. State*, 2001 WL 1006178 (Del. Aug. 7, 2001).

[3] *Garner v. State*, 2005 WL 3143435 (Del. Nov. 22, 2005).

litigate the ineffective assistance of counsel claims he had raised in 2004, with the assistance of counsel. The Superior Court denied the motion on the grounds that it was untimely under Rule 61(i)(1),[4] repetitive under Rule 61(i)(2),[5] and procedurally defaulted under Rule 61(i))(3)[6] and that Garner's lack of counsel in his first postconviction proceeding did not constitute a miscarriage of justice under Rule 61(i)(5).[7] This appeal followed.

(5) We review the Superior Court's denial of postconviction relief for abuse of discretion and questions of law *de novo*.[8] The procedural requirements of Rule 61 must be considered before addressing any substantive issues.[9] In this appeal, Garner argues that he has overcome the procedural bars of Rule 61(i) because his lack of counsel in his first postconviction proceeding, which included ineffective assistance of counsel claims, constituted a miscarriage of justice under

---

[4] Super. Ct. Crim. R. 61(i)(1) (barring motion filed more than three years after judgment of conviction is final) (amended in 2006 to reduce filing period to one year).

[5] Super. Ct. Crim. R. 61(i)(2) (barring any ground for relief not asserted in prior postconviction proceeding).

[6] Super. Ct. Crim. R. 61(i)(3) (barring claim not raised in proceedings leading to conviction).

[7] Super. Ct. Crim. R. 61(i)(5) (providing that barred claims can be reviewed if there is colorable claim of miscarriage of justice due to constitutional violation that undermined fairness of proceedings).

[8] *Dawson v. State*, 673 A.2d 1186, 1190 (Del. 1996).

[9] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).

Rule 61(i)(5). In support of this argument, Garner relies on United States Supreme Court cases like *Martinez v. Ryan*[10] and this Court's decisions in cases like *Holmes v. State*[11] to contend that he had a constitutional and statutory right to counsel in his first postconviction proceeding. This reliance is misplaced.

(6) First, none of the United States Supreme Court cases cited by Garner hold that indigent defendants have a constitutional right to appointment of counsel in postconviction proceedings. *Martinez,* for example, holds that a lack of counsel or inadequate assistance of counsel during initial postconviction proceedings may establish cause for a defendant's procedural default of a claim of ineffective assistance of counsel at trial in pursuing federal habeas corpus relief.[12] *Martinez* does not hold that there is a federal constitutional right to counsel in first postconviction proceedings.[13] To the extent Garner claims that he had a right to counsel in his first postconviction proceeding under the Delaware Constitution, his

---

[10] ---U.S.---, 132 S. Ct. 1309, 182 L.E.2d 272 (2012).

[11] 2013 WL 2297072 (Del. May 23, 2013).

[12] *Martinez*, 132 S. Ct. at 1320.

[13] *Id.* at 1315 ("This is not the case, however, to resolve whether [an exception to the constitutional rule that there is no right to counsel in collateral proceedings] exists as a matter of constitutional law.").

cursory references to the Delaware Constitution do not properly present that claim for review and that claim is therefore waived.[14]

(7) Second, this Court did not hold in *Holmes* or subsequent cases that amendments to Rule 61(e)(1), which provided for appointment of counsel in an indigent defendant's first postconviction proceeding, created a retroactive right to counsel for indigent defendants pursuing subsequent motions for postconviction relief. In *Holmes*, we held that the Superior Court abused its discretion in denying Holmes' motion for the appointment of counsel to assist him in his first postconviction proceeding.[15] We remanded for the appointment of counsel under the recently amended Rule 61(e)(1).[16] This Court has held that the amendment to Rule 61(e)(1) was not retroactive.[17] Given that this is Garner's second postconviction motion, *Holmes* and the other cases that Garner relies upon are simply not applicable here. We conclude therefore that the Superior Court did not

---

[14] *Ortiz v. State*, 869 A.2d 285, 290-91 (Del. 2005) (holding that proper presentation of alleged violation of Delaware Constitution requires more than conclusory reference to section of Delaware Constitution).

[15] 2013 WL 2297072, at *1.

[16] *Holmes*, 2013 WL 2297072, at *1. *See also Stevens v. State*, 2013 WL 4858987 (Del. Sept. 10, 2013) (vacating denial of defendant's first postconviction motion and remanding for appointment of counsel); *Howard v. State*, 2013 WL 3833335 (Del. July 19, 2013) (remanding denial of defendant's first postconviction motion for appointment of counsel and reconsideration); *Ayers v. State*, 2013 WL 3270894 (Del. June 24, 2013) (same).

[17] *Roten v. State*, 2013 WL 5808236, at *1 (Del. Oct. 28, 2013).

5

err in finding that Garner's second motion for postconviction relief was procedurally barred and that Garner failed to overcome the procedural hurdles.

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ Henry duPont Ridgely
Justice